ALYSON S. CABRERA (SBN: 222717)
JESSICA A. LUKE (SBN: 273047)
GRAHAM M. HELM (SBN: 316002)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3141
Facsimile: (415) 986-8054
acabrera@grsm.com
jluke@grsm.com
ghelm@grsm.com

Attorneys for Defendant
COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC
erroneously sued as Comcast Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINICK S. CLAUSE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION and DOES 1-25,<br><br>　　　　　Defendant. | CASE NO.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>Accompanying Papers:<br>　1. Declaration of Jessica A. Luke<br>　2. Declaration of Derek H. Squire<br>　3. Civil Cover Sheet<br><br>Complaint Filed: January 3, 2020 |

-1-
DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1441, and 1446, based on diversity of citizenship, Defendant Comcast Cable Communications Management, LLC ("Comcast" or "Defendant"), erroneously sued as Comcast Corporation, hereby files this Notice of Removal to the United States District Court for the Northern District of California, and in connection therewith, states as follows:

## I.     THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of the State of California, County of Alameda ("State Court"), entitled, *Dominick S. Clause v. Comcast Corporation*, Case No. RG20049158 (the "State Action"). Comcast Corporation is the only named Defendant. (*See* Declaration of Jessica A. Luke in Support of Notice of Removal of Action filed herewith ("Luke Decl.") at ¶ 4, Exh. A.)

2. On January 3, 2020, Plaintiff Dominick Clause ("Plaintiff") filed his Complaint against "Comcast Corporation" alleging causes of action for disability discrimination under the California Fair Employment and Housing Act ("FEHA"), failure to provide reasonable accommodation under FEHA, wrongful termination in violation of public policy, failure to engage in good faith in the interactive process under FEHA, failure to take reasonable steps in preventing discrimination under FEHA, and associational disability discrimination under FEHA. (Luke Decl. ¶ 4, Exh. A.) Plaintiff served "Comcast Corporation" with his Complaint on February 7, 2020. "Comcast Corporation" is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. (Declaration of Derek H. Squire in Support of Notice of Removal of Action filed herewith ("Squire Decl.") at ¶ 6.)

3. From March 4, 2020 through March 9, 2020, counsel for Defendant and Plaintiff engaged in meet and confer discussions regarding Plaintiff erroneously naming Comcast Corporation as his employer and Defendant's intent on filing this Notice of Removal. Plaintiff was employed by Defendant, not Comcast Corporation. On March 9, 2020, Plaintiff informed

of this Motion, diversity of citizenship exists as to both entities.

4. Defendant files its Notice of Removal within 30 days of service of the Complaint.

## II.   PROCEDURAL REQUIREMENTS

7. Defendant has thirty (30) days from the date of service or receipt of a copy of a pleading setting forth a removable claim to remove a case. 28 U.S.C. § 1446(b). Where removability is uncertain from the face of the pleading, the 30-day period is measured from the point at which defendant had notice that the action is removable. *Id.* The Complaint filed on January 3, 2020, did not name Defendant. (*See* Luke Decl. ¶ 4, Exh. A.) Plaintiff served Comcast Corporation the Complaint on February 7, 2020. (*See* Luke Decl., Exh. A.) This Notice of Removal is therefore timely filed.

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Defendant's possession are filed herewith. (Luke Decl., Exhs. A - B.)

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Alameda promptly after filing of same in this Court.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

11. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or forum non conveniens, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law. Plaintiff signed a binding arbitration agreement with Defendant, and this includes, but is not limited to, any Motion to Compel Arbitration if the Parties are unable to stipulate to the same.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)
(DIVERSITY)

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### III.   JURISDICTIONAL STATEMENT

13.   JURISDICTION: This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00.

14.   INTRADISTRICT ASSIGNMENT: Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California because this district embraces the place in which the removed action has been pending.  Plaintiff alleges that at all relevant times he was employed in Alameda County. (*See* Luke Decl., Exh. A, Compl. at ¶¶ 1 and 4.) Pursuant to Civil Local Rule 3-2(d), assignment to the San Francisco/Oakland Division is proper because this action arises in Alameda County.

### IV.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

15.   The amount at issue in this case is in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

16.   The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

17.   Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been

satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

18. Defendant disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Defendant can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

19. In the Complaint, Plaintiff is seeking compensatory damages since his termination from Defendant on January 8, 2018, including loss of income, loss of earning capacity, loss of employment benefits, and mental and emotional distress. (*See* Luke Decl., Exh. A, Compl. at ¶¶ 5-6.) Plaintiff is also seeking "other damages," punitive damages, pre-judgment interest, and recovery of his attorneys' fees and costs. (*Id.*, Compl. at ¶¶ 6, 31.) Upon information and belief, Plaintiff's annual base wages at the time of his termination of employment with Defendant on January 9, 2018, was $51,858.56. (*See* Luke Decl. at ¶ 7.)

## V. DIVERSITY OF CITIZENSHIP EXISTS

20. Defendant is informed and believes that Plaintiff was at the time of the filing of the Action, and still is, a citizen of the state of California. (*Id.*, Compl. at ¶¶ 1, 4.)

21. Defendant Comcast Cable Communications Management, LLC is a limited liability company and was at the time of the filing of the Action, and still is, a citizen of the Commonwealth of Pennsylvania, and not a citizen of the state of California. Defendant Comcast Cable Communications Management, LLC is a limited liability company organized under the laws of the State of Delaware and its sole member is Comcast Cable Communications, LLC. (Squire Decl. at ¶ 3.)

22. Comcast Cable Communications, LLC is a limited liability company organized under the laws of the State of Delaware and its sole member is Comcast Holdings Corporation. (Squire Decl. at ¶ 4.)

23. Comcast Holdings Corporation is, and has been, a corporation organized under

the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania, since approximately 1969. (Squire Decl. at ¶ 5.) Comcast Holdings Corporation is a direct, wholly-owned subsidiary of Comcast Corporation. (Squire Decl. at ¶ 5.)

24. Comcast Corporation is a corporation organized in 2001 under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

## VI. CONCLUSION

Consequently, the State Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: March 9, 2020

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Alyson S. Cabrera
Jessica A. Luke
Graham M. Helm
Attorneys for Defendant
COMCAST CABLE
COMMUNICATIONS
MANAGEMENT, LLC,
erroneously sued as
COMCAST CORPORATION